# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JANI GWEN WHITNEY, <br><br> Relator, <br> v. <br><br> ALTUS HOSPICE MANAGEMENT, L.P.; et al. <br><br> Defendants. | Case No. 4:16-cv-03704 |

## FED. R. Civ. P. 41(a) JOINT STIPULATION OF DISMISSAL

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the False Claims Act, and subject to the terms of the July 24, 2018 Settlement Agreement, (Attached hereto as Relator's Exhibit #1.), between the United States, the relator Jani Gwen Whitney, and defendants Altus Hospice Management, L.P.; Altus Hospice of Houston, L.P.; Altus Hospice of North Houston, L.P.; ZT Management, LLC; ZT Wealth, LLC; and Altus Harbor Hospice Management, LLC, the parties hereby stipulate to the entry of an order by the Court (1) dismissing this action with prejudice to the relator as to past and present Defendants and with prejudice to the United States for the Covered Conduct set forth in the Settlement Agreement as to the entities released by the United States; (2) dismissing this action without prejudice to the United States as to all remaining claims; and (3) providing that the Court retain jurisdiction over any disputes that may arise regarding the Settlement Agreement.

The relator, her heirs, successors, attorneys, agents, and assigns stipulate that the Settlement Amount set forth in the Settlement Agreement and the terms and conditions described

1

therein are fair, adequate, and reasonable under the circumstances, that she will not challenge the settlement pursuant to 31 U.S.C. § 3730 (c)(2)(B), and that she expressly waives the opportunity for a hearing on any objection to the settlement under 31 U.S.C. § 3730(c)(2)(B).

The parties respectfully request that the Court enter an order in the form of the attached proposed order.

/s/ Cory S. Fein
Cory Steven Fein
Cory S. Fein Law Firm
712 Main St. Suite 800
Houston, TX 77064
Phone: 281-254-7717
Email: cory@coryfeinlaw.com

*Counsel for Relator Jani Whitney*


/s/ Sammy Ford IV
Avitsanos, Anaipakos, Alavi & Mensing P.C.
Todd W. Mensing (tmensing@azalaw.com)
Sammy Ford IV (sford@azalaw.com)
Monica Uddin (muddin@azalaw.com)
1221 McKinney Street, Suite 2500
Houston, Texas 77010

*Counsel for Defendants*

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2018, a true and correct copy of the above and foregoing was filed on the Court's ECF system, and was served on all counsel of record by email, as listed below.

Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
Todd W. Mensing (tmensing@azalaw.com)
Sammy Ford IV (sford@azalaw.com)
Monica Uddin (muddin@azalaw.com)
1221 McKinney Street, Suite 2500
Houston, Texas 77010
*Counsel for Defendants*

Jill O. Venezia (Jill.Venezia@usdoj.gov)
Assistant U.S. Attorney
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, Texas 77002

/s/ Cory S. Fein
Cory S. Fein

# RELATOR'S EXHIBIT #1

SETTLEMENT AGREEMENT

This Settlement Agreement (Agreement) is entered into among Jani Whitney as Relator on behalf of the United States of America (Relator) and Altus Hospice Management, L.P.; Altus Hospice of Houston, L.P.; Altus Hospice of North Houston, L.P.; ZT Management, LLC; ZT Wealth, LLC, and Altus Harbor Hospice Management, LLC, ("Defendants") (hereafter collectively referred to as the "Parties"), through their authorized representatives.

RECITALS

A. Defendants are a network of hospice providers that provided services to beneficiaries of the Medicare Program.

B. On December 21, 2016, Relator filed a *qui tam* action in the United States District Court for the Southern District of Texas captioned *United States ex rel. Jani Gwen Whitney v. Altus Hospice Management, L.P., et al.,* No. 4:16-cv-03704, pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. § 3729, et seq. (the "Civil Action"). The Civil Action included allegations that Defendants improperly billed Medicare for providing hospice care for patients who were not eligible for the Medicare hospice benefit.

C. Relator contends that Defendants submitted or caused to be submitted claims for payment to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 ("Medicare").

D. Relator contends that she has certain civil claims against Defendants arising from Defendants' conduct of improperly certifying (or recertifying) certain patients as eligible for the Medicare hospice benefit when they were not eligible for that benefit, and then submitting claims to Medicare for providing hospice care for these patients.

Specifically, during informal discovery, Defendants produced "PEPPER Reports" for two entities (referred to as "Altus" and "Altus North") that included data through and including Q4 of Fiscal Year 2016 and Q4 of Fiscal Year 2017 for each entity which analyzed certain categories of claims billed to the Government by Defendants, including, but not limited to, long stays over 180 days, live discharges, long general inpatient stays, and long stays for dementia patients. Defendants' alleged submission of false claims related to potential overpayments identified in these four PEPPER Reports is referred to herein as the "Covered Conduct."

  E. Defendants deny the contentions of Relator in Paragraph D.

  F. This Settlement Agreement is neither an admission of liability by Defendants nor a concession by Relator that her claims are not well founded.

  G. Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## **TERMS AND CONDITIONS**

  1. Defendants shall pay to the United States $233,509.13 (the "Government Settlement Payment") within 14 business days of the Effective Date of this Agreement. The payment will be made by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney for the Southern District of Texas.

2. Conditioned upon the United States receiving the Government Settlement Payment from Defendants, the United States shall pay a total of $___$63,047.46___ (the "Relator's Share") to Relator by electronic funds transfer, as soon as feasible after receipt of the payment from Defendants.

3. Defendants agree to pay Relator $64,436.88 (the "Attorney's Fee Payment") in settlement of Relator's claims to reasonable expenses and attorneys' fees and costs under Section 3730(d) within 14 business days of the Effective Date.

4. Subject to the exceptions in Paragraph 6 (concerning excluded claims) below, and conditioned upon Defendants' full payment of the Government Settlement Payment, the United States releases Defendants from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733.

5. Subject to the exceptions in Paragraph 6 below, and conditioned upon Defendants' payment of the Government Settlement Payment and the Attorney's Fee Payment, Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, fully and finally releases the Defendants and all other defendants identified in the original, First Amended, and Second Amended Complaint to the Civil Action, including but not limited to Taseer A. Badar and Zohra R. Bader , and all of their current or former affiliates, successors, assigns, owners, officers, directors, managers, agents, and employees, and the successors and assigns of any of them (collectively the "Relator Released Parties"), from any claim the Relator has asserted, could have asserted, or may assert in the future under the False Claims Act, 31 U.S.C. §§ 3729-3733, and for any personal claims Relator has or may have against the Relator Released Parties , through the Effective Date of this Agreement.

6. Notwithstanding the releases given in this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

    a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

    c. Except as explicitly stated in the Agreement, any administrative liability, including mandatory or permissive exclusion from Federal health care programs;

    d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    e. Any liability based upon obligations created by this Agreement; or

    f. Any liability of individuals.

7. The United States consents to the settlement and dismissal of this action under 31 U.S.C. § 3730(b)(1). Conditioned upon Relator's receipt of the Relator's Share payment, Relator and her heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

8. Conditioned upon Relator's receipt of the Attorney's Fee payment, Relator, for herself, and for her heirs, successors, attorneys, agents, and assigns, releases the Relator Released Parties from any liability to Relator arising from the filing of the Civil Action, or under 31 U.S.C. § 3730(d) for expenses or attorneys' fees and costs.

9. Defendants waive and shall not assert any defenses Defendants may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

10. Defendants fully and finally release the United States, its agencies, officers, agents, employees, and servants from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants related to the Covered Conduct and the United States' investigation and prosecution thereof.

11. Defendants fully and finally release the Relator from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the Relator, related to the Covered Conduct and the Relator's investigation and prosecution thereof.

12. The Government Settlement Payment shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer related to the Covered Conduct; and Defendant agrees not to resubmit to any Medicare contractor or any state payer any previously denied claims related to the Covered Conduct,

agrees not to appeal any such denials of claims, and agrees to withdraw any such pending appeals.

13. Defendants agree to the following:

a. <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Defendants, their present or former officers, directors, employees, shareholders, and agents in connection with:

(1) the matters covered by this Agreement;

(2) the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(3) Defendants' investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

(4) the negotiation and performance of this Agreement; and

(5) the payment Defendants make to the United States pursuant to this Agreement and any payments that Defendants may make to Relator, including costs and attorneys' fees

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs).

b.      Future Treatment of Unallowable Costs:  Unallowable Costs shall be separately determined and accounted for in nonreimbursable cost centers by Defendants, and Defendants shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Defendants or any of their subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

c.      Treatment of Unallowable Costs Previously Submitted for Payment: Defendants further agree that within 90 days of the Effective Date of this Agreement they shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Defendants or any of their subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs.  Defendants agree that the United States, at a minimum, shall be entitled to recoup from Defendants any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies.

The United States reserves its rights to disagree with any calculations submitted by Defendants or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Defendants or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

    d.  Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Defendants' books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

  14.  This Agreement is intended to be for the benefit of the Parties and the Relator Released Parties. .

  15.  Defendants agree that they waive and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

  16.  Upon receipt of the payments to be made by Defendants, the Parties shall promptly, but not later than five business days following receipt of those payments, sign and file in the Civil Action a Joint Stipulation of Dismissal of the Civil Action pursuant to Rule 41(a)(1).

  17.  Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

  18.  Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

19. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Southern District of Texas. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

20. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

21. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

22. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

23. This Agreement is binding on Defendants' successors, transferees, heirs, and assigns.

24. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

25. All Parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

26. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

DATED: 07/24/18    BY: _____
                       Jill O. Venezia
                       Assistant United States Attorney
                       Southern District of Texas

JANI WHITNEY

DATED: 7/20/2018   BY: _____
                       Jani Whitney, Relator

DATED: 7-20-18     BY: _____
                       Cory Fein
                       Counsel for Relator

DEFENDANT 1

DATED: _____  BY: _____

DATED: _____  BY: _____

DEFENDANT 2

DATED: _____  BY: _____

DATED: _____  BY: _____

THE UNITED STATES OF AMERICA

DATED: _____  BY: _____
                     Jill O. Venezia
                     Assistant United States Attorney
                     Southern District of Texas


JANI WHITNEY

DATED: _____  BY: _____
                     Jani Whitney, Relator


DATED: _____  BY: _____
                     Cory Fein
                     Counsel for Relator

**DEFENDANTS:**

ALTUS HOSPICE MANAGEMENT, L.P.
By Its General Partner:
ZT Management, L.L.C.

DATED: 7/20/18  BY: _____
                     Authorized Representative

DATED: 7/24     BY: _____
                     Sammy Ford, IV
                     Counsel for Defendant


ALTUS HOSPICE OF HOUSTON, L.P.
By Its General Partner:
Altus Harbor Hospice Management, LLC

DATED: 7/20/18  BY: _____
                     Authorized Representative

DATED: 7/24     BY: _____
                     Sammy Ford, IV
                     Counsel for Defendant

ALTUS HOSPICE OF NORTH HOUSTON, L.P.
By Its General Partner:
Altus Noble Hospice GP, LLC

DATED: 7/20/18    BY: _____
                  Authorized Representative

DATED: 7/24/18    BY: _____
                  Sammy Ford, IV
                  Counsel for Defendant


ZT MANAGEMENT, LLC

DATED: 7/20/18    BY: _____
                  Authorized Representative

DATED: 7/24      BY: _____
                  Sammy Ford, IV
                  Counsel for Defendant


ZT WEALTH, LLC

DATED: 7/20/18    BY: _____
                  Authorized Representative

DATED: 7/24      BY: _____
                  Sammy Ford, IV
                  Counsel for Defendant

ALTUS HARBOR HOSPICE MANAGEMENT, LLC

DATED: 7/20/18    BY: _____
                      Authorized Representative

DATED: 7/24       BY: _____
                      Sammy Ford, IV
                      Counsel for Defendant